UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01799-SRC |
| ) | |
| JEFFERSON COUNTY ) | |
| SHERIFF'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

### Memorandum and Order

This matter is before the Court upon review of a complaint filed by Missouri State prisoner Joseph Michael Devon Engel, prison registration number 1069055. For the reasons explained below, the Court will allow Engel to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

At the time he filed the complaint, Engel neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the body of the complaint, Engel writes: "Application to Proceed in District Court Without Prepaying Fees or Costs," and he avers he earns $5.00 per month. The Court liberally construes Engel's statement as a request for leave to proceed *in forma pauperis* in this action. Having considered Engel's request and his averments concerning his monthly income, the Court grants the request and assesses an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51.

2

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred.  *Id.* at 1950, 1951–52.

## The Complaint

Engel repeatedly identifies himself as a sovereign citizen.  He also avers he is a civilly-committed detainee.  However, review of publicly-available Missouri Department of Corrections ("MDOC") records shows Engel is actually a convicted and sentenced State prisoner.  The instant complaint is one of more than 130 prisoner civil rights actions Engel has filed in this Court since September of 2020.

The complaint at bar is handwritten on two sheets of notebook paper.  Named as defendants are the Jefferson County Sheriff's Office, the Jefferson County Sheriff, and the Jefferson County Prosecuting Attorney. Engel indicates he sues the defendants in their official capacities.

Engel's allegations are stated in their entirety as follows:

> This is in regards to me getting ass[a]ulted in County of Shawn Hornbeck then getting ass[a]ulted and brut[al]ly beaten almost half to death in Hillsboro all over their accusing me and questioning me over Shawn Hornbeck I am sourvin citizn [sic].

(Doc. 1 at p. 1).  *Id*.  Engel provides no facts in support of those statements, nor does he indicate the relationship between the named defendants and his allegations.  He seeks "20 Trillion Dollars" in relief.  *Id.*

3

**Discussion**

The Court dismisses the complaint.  First, Engel's claim against the Jefferson County Sheriff's Office fails because that entity is not subject to suit under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

Engel's claims against the individual Jefferson County employees also fail.  In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official capacity suit against sheriff and his deputy "must be treated as a suit against the County").  Accordingly, by suing the Jefferson County Sheriff and the Jefferson County Prosecuting Attorney in their official capacities, Engel has sued Jefferson County itself.

A local governing body such as Jefferson County can be subjected to suit under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  To prevail in such a suit, the plaintiff must establish the entity's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Here, Engel alleges nothing permitting the inference that Jefferson County has an unconstitutional policy or custom, or that it has been deliberately

indifferent in failing to train or supervise its employees. Therefore, Engel's claims against the Jefferson County Sheriff and the Jefferson County Prosecuting Attorney must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if Engel had named the Jefferson County Sheriff and the Jefferson County Prosecuting Attorney in their individual capacities, the complaint would fail to state a viable claim against them. First, the complaint is silent as to the Jefferson County Sheriff and the Jefferson County Prosecuting Attorney, except for their titles appearing in the caption. Merely listing a defendant's name or title in a case caption is insufficient to support a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in the caption)).

Second, Engel makes no attempt to allege the Jefferson County Sheriff and the Jefferson County Prosecuting Attorney were personally involved in or directly responsible for incidents that injured him. His claims, therefore, are not cognizable in this § 1983 action. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that because the plaintiff did not allege the defendant was personally involved in or directly responsible for incidents that injured him, his claims were not cognizable in § 1983 action).

Finally, the Court also dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants

5

rather than vindicating a cognizable right). Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461–63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991); *see also Tyler*, 839 F.2d at

1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process).  These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court orders that Engel may proceed in forma pauperis in this action. The Court further orders that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Engel is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 30th day of April 2021.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**